**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JENNIFER RICHARD** | : | |
| 201 Green St. | : | |
| Westernport, Md 21562 | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|      v. | : | Civil Action No.: |
| | : | |
| | : | |
| **WESTERNPORT FOODS, INC.** | : | JURY TRIAL DEMANDED |
| d/b/a FAIR PRICE MARKET, | : | |
| NUVIEW TOBACCO OUTLET, | : | |
| and SAV-A-LOT | : | |
| 24221 Westernport Road, S.W. | : | |
| Westernport Md 21562 | : | |
| | : | |
|     SERVE: | : | |
|     Kenneth G. Farley | : | |
|     83 Meadow Drive | : | |
|     Swanton Md 21561 | : | |
| | : | |
| | : | |
| **BEST PRICE FUEL STOP, LLC** | : | |
| 21413 Chesapeake Ave. SW | : | |
| McCoole, MD 21562 | : | |
| | : | |
|     SERVE: | : | |
|     Kenneth G. Farley | : | |
|     190 Church Street | : | |
|     Westernport Md 21562 | : | |
| | : | |
| **KENNETH G. FARLEY, JR.** | : | |
| 190 Church Street | : | |
| Westernport Md 21562 | : | |
| | : | |
| and | : | |
| | : | |
| **DR. CHARLES W. FEDDE, MD** | : | |

410 Sam Snead Circle     :
Oakland, MD 21550     :
             :
  Defendants.      :

## COMPLAINT

Plaintiff Jennifer Richard, by and through their undersigned counsel, hereby complains against Defendants, WESTERNPORT FOODS, INC. (d/b/a, FAIR PRICE MARKET,  NUVIEW TOBACCO OUTLET, SAV-A-LOT)   BEST PRICE FUEL STOP, LLC, KENNETH G. FARLEY, JR, and DR. CHARLES W. FEDDE, MD, for wages due under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the  Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq*. ("MWPCL"), and the Maryland Wage and Hour Law, Maryland Code, Labor and Employment Article §§ 3-401 *et seq*.

## PARTIES AND JURISDICTION

1.  Plaintiff is a Maryland resident.

2.  Defendants Westernport Foods, Inc. (d/b/a, Fair Price Market, Nuview Tobacco Outlet, Sav-A-Lot) and Best Price Fuel Stop, LLC are Maryland Corporations which have their principal places of business in Allegany County, Maryland.  Defendants operate convenience stores.

3.  This Court has subject matter/original jurisdiction over this action pursuant to 29 U.S.C. §206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4.   This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5.   Venue and personal jurisdiction are proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events and omissions giving rise to the claims in this Complaint occurred in this judicial district.

6.   Each Corporate defendant having acted directly and indirectly in the interests of the individual Defendants and Defendant, Westernport Foods, Inc., are "employers" within the meaning of the FLSA, MWHL, and MWPCL.

7.   The Corporate Defendants operate as a single enterprise and joint employer and thus are jointly and individually liable for damages to the Plaintiff arising under the FLSA, MWHL, and MWPCL.   These Corporate Defendants are closely integrated, are owned and operated by the individual Defendants.  The Corporate Defendants are deliberately designed to ostensibly shield liability of the individual Defendants as employers for employment law violations.

8.   At all times material herein, the Corporate Defendants together had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

9.   The Corporate Defendants employ at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise

under the FLSA. There are employees who regularly use wire and electronic means of communicating interstate, including Plaintiff and other employee who also regularly buy and use goods that have moved in interstate commerce. The Corporate Defendants are covered entities, satisfying the enterprise coverage provisions under the FLSA.

10. The individual defendants are residents of Maryland who own and operate the corporate defendants.    They set the plaintiff's hours and determined her wages.    They possessed the authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to all of the corporate defendants' employees. They have a significant if not a complete ownership interest in the corporate defendants.    They control significant functions of the business, determine salaries, and make hiring decisions related to the corporate defendants.    They are authorized to issue checks on corporate accounts and have custody and control of employment records and are responsible for maintaining those records. They have ultimate decision-making authority and responsibility over the employment practices of the corporate defendants.

11. At all times relevant, the defendants were the plaintiff's "employers" for purposes of the FLSA, MWPCL, and MWHL.

**FACTS**

12. Plaintiff worked for defendants as a clerk at various convenience stores between October 2012 and July 2019.  Her duties included working as a cashier, cleaning the stores, preparing paperwork and generating reports.

4

13. Defendants paid Plaintiff by the hour.

14. Plaintiff regularly worked six days a week and regularly worked more than forty hours in a week.

15. In addition, Defendants required the plaintiff to work "off the clock."  Defendants required the plaintiff to "clock out" yet continued to require her to work beyond the hours recorded on her time records.  For example, plaintiff was required to fill out lengthy reports at the end of her scheduled shift.

16. Defendants sometimes paid the Plaintiff overtime pay.

17. At most other times the Defendants refused to pay Plaintiff for overtime pay. Attached as Exhibit A are several examples that show Defendants failed to pay the Plaintiff overtime for hours worked over 40 in a week.

<u>**CAUSES OF ACTION**</u>
**COUNT I**
**VIOLATION OF THE MARYLAND WAGE AND HOUR LAW**
**(MINIMUM WAGE)**

18. Plaintiff adopts and incorporates by reference all averments in the foregoing paragraphs.

19. Under the Maryland Code, Labor and Employment Article Section 3-413, Defendants were required to pay the plaintiff at least the minimum wage.

20. Defendants failed to pay the plaintiff the minimum wage during all or part of her employment.  Defendants required plaintiff to perform work "off the clock."

5

21. Defendants have therefore violated the Maryland Wage and Hour Law Under the Maryland Code, Labor and Employment Article Section 3-427, plaintiff is entitled to the minimum wage that defendants failed to pay, "an additional amount equal to the difference between the wage paid to the employee and the wage required," and counsel fees and other costs.

## COUNT II
## (FLSA- FAILURE TO PAY MINIMUM WAGE)

22. Plaintiff incorporates the foregoing paragraphs as set forth above.

23.  Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants failed to pay Plaintiff the proper minimum wage rate free and clear of deductions and in a timely manner for all or part of her employment.

24. Defendants required plaintiff to perform work "off the clock."

25. Plaintiff has the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

26. Plaintiff has been damaged by the defendants' failure to pay the minimum wage.

## COUNT III
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
## (FAILURE TO PAY OVERTIME)

27. Plaintiff adopts and incorporates by reference all averments in the foregoing paragraphs.

28. Under the Maryland Code, Labor and Employment Article Section 3-415, Defendants were required to pay the plaintiff 1.5 times her hourly rate for overtime hours worked.

29. Plaintiff regularly worked overtime hours for Defendants.

30. Defendants have failed and refused to pay Plaintiff 1.5 times her hourly rate for overtime hours worked.

31. Defendants have therefore violated the Maryland Wage and Hour Law.

32. Under the Maryland Code, Labor and Employment Article Section 3-427, plaintiff is entitled to the minimum wage that defendants failed to pay, "an additional amount equal to the difference between the wage paid to the employee and the wage required," and counsel fees and other costs.

## COUNT IV
## (FLSA- FAILURE TO PAY OVERTIME)

33. Plaintiff incorporates the foregoing paragraphs, as set forth above.'

34. Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiff for all times that they worked in excess of forty (40) hours per week.

35.  Defendants willfully failed to pay overtime compensation at a wage rate of at least one and a half (1 1/2) times the minimum wage or plaintiff's regular rate.

7

36. As a result of Defendants' actions complained of herein, Defendants willfully violated Section 207(a)(l) of the FLSA, because Defendants failed to compensate Plaintiff at a proper overtime rate.

37. As a result of Defendants' actions complained of herein, Plaintiff has failed to receive the overtime pay due to her, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT V
## VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW
## (FAILURE TO PAY OVERTIME)

38. Plaintiff adopts and incorporates by reference all averments in the foregoing paragraphs.

39. Under the Maryland Code, Labor and Employment Article Section 3-502 and 3-502, Defendants were required to pay the plaintiff her earned wages.

40. Defendants have failed to pay the plaintiff her earned wages, including the minimum wage and overtime.

41. Defendants have failed and continue to fail to pay to plaintiff promised and earned wages, which are due and owing to her.

42. Defendants have failed to pay these monies to plaintiff at any time on or before the employment relationship between the parties terminated or when they became due under the Maryland Wage Payment and Collection Law.

8

43. The aforesaid actions and/or omissions of defendant are in contravention of the Maryland Wage Payment and Collection Law.  Maryland Employment & Labor Code Ann., Sec. 3-505.

44. The Court is permitted to award plaintiff treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law.  Maryland Employment & Labor Code Ann., Sec. 3-507.2.

WHEREFORE, plaintiff demands judgment against defendants in the amount that exceeds $75,000 in actual and statutory damages, plus attorney's fees, pre- and post-judgment interest and costs, and such other and further relief as the nature of this matter may require.

Respectfully submitted,

**THE RUBIN EMPLOYMENT LAW FIRM, P.C.**

_____/s/_____
James E. Rubin
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
Telephone: (301) 760-7914
jrubin@rubinemploymentlaw.com

## **JURY DEMAND**

Plaintiff request a trial by jury on all issues raised in the Complaint.

_____/s/_____
James E. Rubin